NOT FOR PUBLICATION                                                                           CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

SURJIT SINGH,                                  :

        Petitioner,           :        Civil Action No. 14-3272 (SRC)

        v.                              :

ERIC H. HOLDER, JR., et al.,          :        **OPINION**

        Respondents.        :

_____

**CHESLER, District Judge:**

    Petitioner, a native and citizen of India, is a removal-period detainee who has filed a § 2241 petition ("Petition") and submitted his filing fee.  See ECF No. 1.  The Petition asserts that, on November 5, 2013, Petitioner's immigration judge ordered him removed to India, and he did not appeal.  See id. at 4.  Relying on these facts and on Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner seeks release from confinement.  See id. at 6-7.  The Petition merits no relief.

    Section 1231(a)(1)(A) provides that the government has a 90-day period to remove an alien ordered removed from the United States ("removal period").[1]  In Zadvydas, the Supreme Court extended the removal period by holding that aliens may be detained under § 1231(a)(6) for "a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689.  Recognizing that this holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration in the federal courts,"

---

[1] This removal period starts on the latest of the following: (a) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon, or the time to appeal expired); or (b) if the removal order is judicially reviewed, then it is the date of the court' final order as to that removal, or (c) if the alien is detained or confined (except under an immigration process), the date when the alien is released from the underlying custody.  See 8 U.S.C. § 1231(a)(1)(B).

recognized a six-month "*presumptively* reasonable period of detention." Id. at 700-01 (emphasis supplied).  However, the Court stressed that even

> [a]fter this 6-month period, o[nly if] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.[2]

Here, Petitioner's Zadvydas period was triggered on December 5, 2013, i.e., "30 calendar days" from November 5, 2013, see 8 C.F.R. § 1240.15, and is still running.  It will expire only on June 5, 2014.  Therefore, his confinement is proper.  Moreover, even after June 5, 2014, he could be entitled to relief only of he asserts facts showing that there is no significant likelihood of removal to India in the reasonably foreseeable future.  Here, his Petition is silent as to any such facts.  Therefore, it will be dismissed without prejudice to Petitioner's commencing a new and separate § 2241 matter if he develops facts warranting relief under Zadvydas.

An appropriate Order follows.

    /s Stanley R. Chesler
**STANLEY R. CHESLER,**
**United States District Judge**

Dated: May 28, 2014

---

[2] The alien has the burden of "provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence. See id.; see also Encarnacion-Mendez v. AG, 176 F. App'x 251, 254 (3d Cir. 2006).